UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 13 |
| | : | |
| TARANI A. JOHNSON | : | |
| Debtor | : | Bankruptcy No. 18-17342 MDC |
| | : | |
| | : | |

**CHAPTER 13 STANDING TRUSTEE'S MOTION TO DISMISS
WITH PREJUDICE PURSUANT TO 11 U.S.C. SECTIONS 105, 349 AND 1307**

**AND NOW**, WILLIAM C. MILLER, ESQUIRE, chapter 13 standing trustee, requests that this case be dismissed with prejudice, for the following reasons:

1. Debtor has filed a total of three (3) prior cases, and the current case, as follows:

    A. Bankruptcy No. 10-13614 MDC was filed on May 3, 2010, and dismissed November 4, 2010 for failure to file information.

    B. Bankruptcy No. 11-11408 MDC was filed on February 26, 2011, and dismissed November 1, 2012 for failure to make plan payments.

    C. Bankruptcy No. 12-20451 MDC was filed on November 9, 2012, converted to Chapter 7 on September 25, 2013, and received a standard discharge on March 13, 2014.

    D. Bankruptcy, No. 18-17342 MDC was filed on November 5, 2018 ("Current Case").

2. The Current Case claims register shows a total amount claimed of $2,510,023.35, of which almost $700,000 are mortgage arrears. Debtor's petition shows estimated claims of not more than $500,000. Debtor's plan was filed on December 11, 2018, totals $2,160.00, is not on the correct form, is underfunded for the claims it identifies, including the trustee commission, and makes no provision for filed arrears, secured, or priority claims.

3. Schedule A/B lists three pieces of realty, all of which are purportedly owned in "Fee

1

Simple" by "Debtor 1 only." However, the second two, Penn Street, alleged value $700,000, and Ocean Crest, alleged value $400,000, show the value that debtors owns as $0. Further, Schedule D indicates that the amount of claim on Penn Street is $0, and the amount of claim on Ocean Crest is $0. If that is accurate, then debtor has substantial non-exempt equity in these parcels, and should be required to pay that to any unsecured creditors.

4.      Schedule C, section 1, with respect to whether Federal or state exemptions are being claimed, selects neither. However, debtor attempts to claim 100% of the value of all three pieces of real estate, a $1,550,000 total. Included on the Schedule is a reference to Keystone Savings Assn. v. Kitsock, 633 A. 2d 165 (pa Super. Ct. 1993); 11 usc522(d)(sic). It is unclear what the basis of the exemption might be, but the referenced case involved a tenancy by the entireties situation, as affected by a divorce action. As noted above, in Schedule A/B, debtor states that the three properties are owned by "Debtor 1 only." If that is accurate, then debtor is unable to claim the tenancy by entireties exemption. Further, that would be a state exemption, and debtor claims Federal exemptions for other personal property, i.e. clothing and shoes and furniture and appliances. Claiming both Federal and state exemptions is not permitted.

5.      The filed proofs of claim reference real estate properties that are not included in debtor's schedules, i.e. 870 N. 28th Street, Unit 116, Philadelphia, PA 19130, and 5200 Montgomery Avenue, Unit H, Philadelphia, PA 19131. Additionally, the Motions for Relief filed by Citibank and Wells Fargo relate to those two same real estate properties. These two properties were disclosed in debtor's immediately preceding bankruptcy, 12-20451.

6.      Both Schedule A and the amended Schedule A in debtor's immediately preceding bankruptcy show debtor's interest in 5200 W. Montgomery Avenue, Unit H, as "trust

beneficiary." Schedule H showed State Trustee Services LLC as a co-debtor. The Philadelphia property records for this real estate show the owner as State Trustee Services LLC; that the property was sold on September 7, 2008 for $1; and that it has a market value of $105,100 currently. Based upon the foregoing, along with the proofs of claim and motions for relief regarding this property, the standing trustee is concerned that debtor may have some undisclosed interest therein.

7.    Debtor, or some other individual, has ostensibly signed as an "agent" on various filed documents in the Current Case, including the Petition (where reference is also made to certain random, inapplicable purported Uniform Commercial Code sections) [docket #1], an Extension of Time Request (upon which the characterization "Alleged Debtor" is utilized)[docket #12], Certification of Notice to Consumer Debtors [docket #17], chapter 13 plan (also refers to "Alleged Debtor, Agent") [docket #18], Declaration About an Individual Debtor's Schedules [docket #27], Statement of Financial Affairs ("SOFA") and Statement of Intention for Individuals Filing Under Chapter 7 [docket #28], and Chapter 13 Statement of Current Monthly Income, with creditor verification [docket #29]. This purported "agency" designation must be explained. If debtor is allegedly acting as an agent for an entity other than an individual, that is unacceptable under chapter 13. If debtor is acting as an agent for another individual, then that must be disclosed.

8.    Schedule A/B, filed on December 11, 2018, in the Current Case contains entries denying that debtor has any trusts, equitable or future interests in property (section 25), ownership or legal or equitable interest in any business-related property (section 37), interests in partnerships or joint ventures (section 42), and business-related property not already listed (section 44). The

SOFA, filed on December 13, 2018, has no reference to any business interests within the last 4 years (part 11, section 27). The foregoing entries contradict the Petition, the Chapter 13 Statement of Current Monthly Income, as well as Business Monthly Operating Reports supplied to the standing trustee, which reports refer to a business entitled "Silver Apple LCC." Furthermore, the entity "Silver Apple LLC" filed a secured proof of claim for $785,393.84, and it shows as a recipient of a $1,000 monthly payment from debtor on Schedule J, raising questions as to its purported relationship with debtor.

9. According to the Pennsylvania Department of State business records, Silver Apple LLC has an address at 870 N. 28th Street, Unit 116, Philadelphia, PA 19130. See section 5 above.

10. On or about March 7, 2019, debtor sent to the standing trustee a number of documents purporting to provide him with the ability to draw upon the U.S. Treasury and/or certain mutual funds, the monies necessary to pay her plan. The standing trustee forwarded these to debtor's counsel, with an admonition as to their unacceptability. The standing trustee contends that these are not viable payment methods, regardless of the bankruptcy chapter, and are indicative of unsupportable legal and financial theories.

11. On January 18, and again on January 25, 2019, debtor, or some other individual, under the "agent" rubric, filed a Mandatory Judicial Notice of Adjudicative Facts. Included with this was a purported copy of the Pennsylvania Constitution. In the Certificate of Service, she referred to herself as "I, Johnson, Tarani Alike; Grantor and real party in interest for JOHNSON, TARANI ALIKE, corp., sole dba, TARANI ALIKE JOHNSON certify…" [docket #'s 43-46]. Again, if the filing entity in this case is a corporation ("corp.") then the filing must fail. In addition, these filings are incomprehensible, and display a lack of good faith.

12.     Although debtor's counsel has failed to file a formal entry of appearance, he filed an Opposition of Motion for Relief from Automatic Stay to Citibank's motion for relief on December 14, 2018 ("Opposition"), only a few days after debtor filed most of her documents. By virtue of that act, debtor's counsel entered his appearance in this case. Local Bank. Rule, 9010-1(c )(1). Therefore, he bears responsibility for any filings on behalf of debtor. Counsel should be made to explain debtor's status in this case, as agent for whom or whatever, and also explain the substantive relevancy of the Mandatory Judicial Notice and related documents described in the immediately preceding paragraph. To the extent any documents filed in this case are inaccurate, incomplete, or misleading, counsel should have undertaken to correct them at or about the time he entered his appearance.

13.     In the Opposition, debtor's counsel admitted that "Tarani Johns and Joycelyn Johhnson (sic) are the owners of 870 28th Street N, Unit 116, Philadelphia, PA  19103." With that admission, it is clear that debtor's schedule A was inaccurate.

14.     In the Opposition, paragraph 19, counsel states, "Further, Defendant has important and strong legal based reasons for this filing and further, to oppose Citmortgage, Inc.'s attempt to improperly receive relief,. (See Exhibit A - Grantor Declaration and Exhibit B - Notice of Recission)." Counsel repeats these contentions, _verbatim_, in paragraph 20. In addition, at the top of each page of the Exhibits (doc 32-1, until doc 32-2) is the following heading: "PAY TO THE ORDER OF TARANI A. JOHNSON ESTATE IN CARE OF THE UNITED STATES OF AMERICA, WITHOUT RECOURSE."

15.     The standing trustee contends that these Exhibits are completely incomprehensible, and serve no substantive legal purpose. Counsel should be made to explain the substantive relevancy

of the Exhibits, and how they represent "strong and legal based reasons for this filing and further, to oppose Citimortage, Inc.'s attempt to improperly receive relief…"

16.     Debtor's schedules show amounts allegedly owed that pale in comparison with the filed proofs of claim. In debtor's motion to convert to chapter 11, in which her attorney refers primarily to the requirements found in 11 U.S.C. section 706(b), as if this were a chapter 7 case (not 11 U.S.C. section 1307 (d)), he seems to think that debtor can convert the case to chapter 11, file some objections, and then return to chapter 13. Clearly, this is not the way it works. If debtor knew or reasonably knew that claims exceeded the statutory limits, the case should have been filed as a chapter 11. The filing of the Current Case as a chapter 13, and filing of the aforesaid documents, have caused unreasonable delay that is prejudicial to creditors, and is indicative of bad faith.

17.     According to the Commonwealth of Pennsylvania proof of claim, filed on December 20, 2018, no. 3, debtor has not filed state tax returns for the years 2014, 2016, and 2017 (claim is based upon estimates).

18.     Schedule J in the Current Case shows only one purported lease payment, to Silver Apple LLC, in the amount of $1000 per month, and no ongoing mortgage payments, when there are apparently at least two other mortgages, on the properties listed. Even so, Schedule J shows total monthly net income, in the amount of negative $2,462. Clearly, debtor is unable to propose a confirmable plan.

19.     A lack of good faith in filing is sufficient cause for dismissal of a chapter 13 case under 11 U.S.C. §1307(c). In re Lilley, 91 F. 3d 491, 495 (3rd Cir. 1996). The good faith inquiry is a fact intensive determination left to the discretion of the bankruptcy court. Id. Chapter 13 filings

must be assessed on a case-by-case basis in light of the totality of the circumstances. Id. Among the factors to be considered in this determination is whether the debtor has been forthcoming with the bankruptcy court and the creditors. Id.

20. Lack of candor before the court demonstrates an intention to abuse the judicial process and bankruptcy system, and can provide the basis for denial of confirmation and dismissal of a case. In re York, 282 B.R.519 (Bankr. M.D.GA 2002).

21. In a case involving a debtor's untruthful hearing testimony regarding the number of his prior bankruptcy filings, In re Brookins, 08-11458, Judge Fox held the following, at docket entry 36, pp. 5-6:

> And in this instance, the debtor was not truthful in his testimony before this Court, and this failing was not due to faulty memory or confusion. His counsel attempts to minimize the significance of this untruthful testimony, but the debtor may have believed the issue of his prior filings, even those filed many years ago, as important and so testified as he did. See also In re Chalik, 748 F. 2d 616, 618 (11th Cir. 1984) ("The recalcitrant debtor may not escape a section 727(a)(4)(A) denial of discharge by asserting that the admittedly omitted or falsely stated information concerned a worthless business relationship or holding; such a defense is specious.") Since the fair administration of chapter 13 cases requires honesty and candor of the debtor regarding many matters, see generally 11 U.S.C. § 521, the debtor's conduct on April 1st renders legitimate the concerns voiced by the chapter 13 trustee and United States trustee: On matters the debtor views as important, he may not be truthful with the court if he believes it in his interest not to do so,
>
> And as the debtor here was not 'forthcoming' with this court when he testified on April 1 2008, and so the debtor did not act in good faith, the better exercise of discretion, see In re Myers, 491 F. 3d 120, 125 (3d Cir. 2007), is to grant the trustee's motion to dismiss, coupled with a bar against future filings. See 11 U.S.C. §§ 105(a), 349; In re Casse, 198 F. 3d 327 (2d Cir. 1999).

22. In evaluating the totality of debtor's circumstances as set forth in the immediately preceding paragraphs, the standing trustee believes and therefore asserts that the petition was not filed, and the plan was not proposed, in good faith.

23. The standing trustee consents to the entry of a final order or judgment by the Court if it is

determined that the Court, absent consent of the parties, cannot enter a final order or judgment consistent with Article III of the United States Constitution.

**WHEREFORE**, WILLIAM C. MILLER, ESQUIRE, chapter 13 standing trustee, respectfully requests that this Court enter an Order in the form annexed hereto, dismissing this case with prejudice pursuant to 11 U.S.C. Sections 105, 349 and 1307, and barring the debtor from further filing as set forth therein.

Date: April 2, 2019

Respectfully submitted,

/s/ William C. Miller
William C. Miller, Esquire
Chapter 13 Standing Trustee
1234 Market Street, Suite 1813
P.O. Box 1229
Philadelphia, PA 19105
Telephone: (215) 627-1377